IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE E. DIVELY *and* JOANNE HARTMAN,<br>            Plaintiffs,<br><br>v.<br><br>SEVEN SPRINGS FARM, INC., *t/d/b/a* SEVEN SPRINGS MOUNTAIN RESORT,<br><br>            Defendant. | CIVIL ACTION NO. 3:10-126<br>JUDGE KIM R. GIBSON |

## MEMORANDUM AND ORDER OF THE COURT

### I. SYNOPSIS

This matter comes before the court on the motions to dismiss (Doc. Nos. 45, 53) for failure to prosecute filed by Defendant Seven Springs Farm Inc. ("Seven Springs"), to which Plaintiffs Jane E. Dively and Joanne Hartman (collectively, "Plaintiffs") filed no response. For the reasons that follow, the Court will **GRANT** the motions and dismiss the case.

### II. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b).

### III. BACKGROUND

Plaintiffs commenced the instant action on May 7, 2010 by filing a complaint alleging that Defendants Seven Springs and Ogden Newspapers, Inc. ("Ogden") (collectively, "Defendants") engaged in age and wage discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C § 621 *et seq.*; the Equal Pay Act, 29 U.S.C. § 206(d); and the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. § 951 *et seq.* (Doc. No. 1). Plaintiffs failed to serve the

1

complaint within 120 days of filing, and by order dated September 27, 2010, this Court apprised Plaintiffs that the case would be dismissed without prejudice on October 18, 2010 pursuant to Federal Rule of Civil Procedure 4(m) unless Plaintiffs showed good cause why the complaint was not timely served. (Doc. No. 4). Plaintiffs did not respond to this order, and the Court dismissed the case on October 19, 2010. (Doc. No. 5).

Plaintiffs subsequently filed a motion to vacate the order of dismissal (Doc. No. 6). The Court granted this motion and reinstated the complaint on October 21, 2010. (Doc. No. 8). Defendants waived service of the summons, and on December 17, 2010, Seven Springs filed its answer (Doc. No. 13) and Ogden filed a motion to dismiss and brief in support. (Doc. Nos. 14, 15).

An initial case management conference was held on March 31, 2010, at which time the Court established discovery deadlines and Ogden requested that the Court grant its motion to dismiss as Plaintiffs had failed to file a timely response. (Doc. No. 25). Plaintiffs requested an additional twenty days to respond, and the Court granted Plaintiffs' request. (*Id.*). Plaintiffs filed no response despite the allotment of additional time, and the Court granted Ogden's motion and dismissed all claims against Ogden on July 1, 2011. (Doc. No. 39).

According to Seven Springs's unopposed motion to dismiss, supporting brief, and attached exhibits (Doc. Nos. 45, 46), Plaintiffs have failed to participate in discovery or comply with this Court's discovery scheduling order. Specifically, Seven Springs notes that Plaintiffs failed to provide the initial disclosures identified in Federal Rule of Civil Procedure 26(a)(1)(A-D) on or before April 5, 2011 as required by Court order. (Doc. No. 26). Seven Springs also notes that Plaintiffs failed to respond or object to the interrogatories and requests for production of documents ("RFPDs") which were served on April 19, 2011. Plaintiffs also failed to reply to

2

telephonic and written requests to produce the initial disclosures and respond to the discovery requests. (Doc. No. 46-2).

Seven Springs filed a motion to compel production of this discovery and a supporting brief (Doc. Nos. 37, 38) on June 30, 2011. On July 1, 2011 (three months after the Court-imposed deadline), Plaintiffs produced their initial disclosures but failed to respond to the interrogatories, RFPDs, or the motion to compel. By correspondence dated August 24, 2011, Seven Springs again requested that Plaintiffs respond to the discovery requests. Plaintiffs' counsel responded by apologizing for the delay and indicating that he would "be in a better position to advise you of the responses upon my return [from vacation] after Labor Day." (Doc. No. 46-2 at 6). Plaintiffs' counsel did not subsequently respond, and on August 29, 2011, the Court granted Seven Springs's unopposed motion to compel. (Doc. No. 41). Despite this Court's order granting the motion to compel, Plaintiffs have failed to respond to the interrogatories and RFPDs.

On December 9, 2011, Seven Springs filed a motion to extend discovery deadlines by 180 days (Doc. No. 48) due to Plaintiffs' failure to engage in discovery beyond the tardy production of initial disclosures. In light of this delay, Seven Springs also filed a motion to postpone the post-discovery status conference (Doc. No. 51), which the Court granted by order dated December 30, 2011. (Doc. No. 52). On January 13, 2012, Seven Springs sent Plaintiffs' counsel a third letter regarding the status of the unanswered discovery requests indicating that Plaintiffs' noncompliance with deadlines and the Court's order was hindering Seven Springs's ability to complete discovery. (See Doc. No. 53-1). Plaintiffs' counsel did not respond to this letter and has not taken any further docketed activity with respect to the case.

3

In light of Plaintiffs' failure to participate in discovery, Seven Springs filed the instant motion to dismiss for failure to prosecute and supporting brief on October 24, 2011. (Doc. Nos. 45, 46). Five months passed without a response from Plaintiffs, and on March 27, 2012, Seven Springs filed a second supplemental motion to dismiss on the same grounds. (Doc. No. 53). In its filings, Seven Springs argues that the case should be dismissed for two reasons. First, it argues that involuntary dismissal is appropriate under Rule 41(b) of the Federal Rules of Civil Procedure because of Plaintiffs' failure to prosecute the action or comply with the Court's order. Second, Seven Spring argues that the action should be dismissed pursuant to Rule 37(b)(2)(A) as a sanction for failing to comply with a discovery order. (See Doc. No. 46 at 1). These unopposed motions are now ripe for disposition.

## IV. LEGAL STANDARD

Under Rule 41(b), a district court may dismiss an action—either *sua sponte* or upon a motion—"[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." FED. R. CIV. P. 41(b); *Abulkhair v. New Century Fin. Servs.*, No. 11-3355, 2012 U.S. App. LEXIS 5576, *4 (3d Cir. Mar. 15, 2012) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962)). Likewise, Rule 37(b)(2)(A) provides that a court may dismiss an action where a party "fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A). In *Poulis v. State Farm Fire & Cas. Co.*, the United States Court of Appeals for the Third Circuit detailed the appropriate factors to consider before dismissing an action on punitive grounds (such as under Rule 41(b) or Rule 37(b)(2)(A)). See *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984); see also *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). Under *Poulis*, a district court should consider and balance the following factors when determining whether dismissal is appropriate:

(1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis in original).

The Third Circuit has recognized that "*Poulis* [does] not provide a magic formula" for balancing the six factors, and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373; *Briscoe*, 538 at 263. Rather, a district court has discretion to determine whether dismissal is warranted, and the court should make its decision "in the context of its extended contact with the litigant." See *Mindek* at 1373.

## V. DISCUSSION

Seven Springs contends that Plaintiffs have: (1) shown a history of dilatoriness; (2) "exhibited willful behavior in their refusal to engage in discovery and comply with the orders of this Court"; and (3) prejudiced Seven Springs as a result. (See Doc. No. 46 at 4). Seven Springs further maintains that lesser sanctions are unlikely to be effective and that the meritoriousness of Plaintiffs' claims are questionable. (See *id.*). Thus, Seven Springs argues, the *Poulis* factors weigh in favor of dismissal of the instant action. The Court will address each of these factors in turn.

### A. Extent of the Party's Personal Responsibility

While a party's personal responsibility for failure to prosecute or comply with a court order weighs in favor of dismissal under *Poulis*, a party's "lack of responsibility for their counsel's dilatory conduct is not dispositive," and "a client cannot always avoid the consequences of the acts or omissions of its counsel." See *Poulis*, 747 F.2d at 868 (citing *Link*, 370 U.S. at 633). According to its brief, Seven Springs "is unaware of whether Plaintiffs or their

5

counsel are responsible for the repeated delays," but neither Plaintiffs nor Plaintiffs' counsel have offered an explanation for the delays. (Doc. No. 46 at 5). Seven Springs also contends that the misconduct of Plaintiffs' counsel is so glaring in this matter that it supports a finding that Plaintiffs themselves are aware that "their failure to engage in discovery has caused unreasonable delays in [the] litigation." (See *id.*).

Instantly, there is no direct evidence implicating Plaintiffs in—or demonstrating that Plaintiffs were even aware of—their counsel's shortcomings in these proceedings. However, this finding is not dispositive, and for the reasons discussed below, the Court concludes that this is a case where the clients cannot avoid the consequences of their counsel's conduct. See *Poulis*, 747 F.2d at 868.

### B. Prejudice to the Adverse Party

The Third Circuit has explained that "[e]vidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Briscoe*, 538 F.3d at 259 (citing *Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)). "The type of prejudice that will support dismissal of an action for abuse of litigation tactics need not be irreversible and can consist of the extra costs of repeated delays in filing of motions necessitated by the improper behavior on the part of plaintiffs." *Wesley v. Scharff*, No. 09-285J, 2011 U.S. Dist. LEXIS 138320, *6 (W.D. Pa. Sept. 26, 2011) (citing *Curtis T. Bedwell & Sons v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 693-94 (3d Cir. 1988)); see also *Briscoe* at 259 (stating that prejudice includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy") (citation omitted); *Poulis,* 747 F.2d at 868 (finding that the defendants were prejudiced where the plaintiffs did not answer interrogatories, the defendants had to file a motion to compel the plaintiffs' answers, and the defendant had to

file its pre-trial statement without the opportunity to review plaintiffs' pretrial statement which was due to be filed first).

Here, the Court finds that the prejudice suffered by Seven Springs weighs heavily in favor of dismissing this case. As detailed *supra*, Plaintiffs failed to: (1) provide their initial disclosures as required by the Federal Rules of Civil Procedure and Court order; and (2) respond or object to interrogatories and RFPDs served by Seven Springs on April 19, 2011. As a result, Seven Springs sent multiple communications to Plaintiffs requesting their cooperation, and ultimately filed a motion to compel with this Court. Although Plaintiffs eventually filed the initial disclosures three months after the Court-imposed deadline, Plaintiffs did not respond to the motion to compel, which the Court granted as unopposed. Despite this order granting the motion to compel, Plaintiffs have still not responded to the interrogatories and RFPDs after the passing of a year.

In short, Plaintiffs' conduct has substantially delayed this litigation, forced Seven Springs to incur considerable costs in its failed effort to obtain basic information through discovery, and prevented Seven Springs from effectively preparing for trial.

### C. History of Dilatoriness

"Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation." *Poulis*, 747 F.2d at 868. Accordingly, when addressing a history of dilatoriness, a court should look to whether the party exhibited a repeated failure to comply with deadlines or "a continuous stream of dilatory conduct," rather than a failure to comply "one or two times." *Briscoe*, 538 F.3d at 260-61. A court may find a history of dilatoriness where a party consistently does not respond to interrogatories, or is "consistent[ly] tard[y] in complying with court orders." *Id.* at 260 (citing *Adams*, 29 F.3d at 874).

This Court finds that the conduct of Plaintiffs' counsel establishes a "history of dilatoriness." Throughout this litigation, Plaintiffs' counsel has evinced an unwillingness or inability to comply with deadlines and Court orders. Apart from the failures during discovery detailed at length in the previous section, Plaintiffs did not serve the complaint with 120 days of filing. The Court apprised Plaintiffs of this fact by order dated September 27, 2010 and indicated that the case would be dismissed without prejudice unless good cause was shown. Plaintiffs did not respond to this order, and the case was dismissed. Similarly, after the case was reinstated, Plaintiffs: (1) failed to respond to Ogden's motion to dismiss; (2) requested an additional twenty days to file a response even though three months had already passed; and (3) failed to file a response in the additional time the Court allotted. Ironically, Plaintiffs' counsel also did not respond to two motions to dismiss for failure to prosecute. This well-documented history of dilatoriness weighs in favor of dismissal.

### D. Party's Willful or Bad Faith Conduct

Under this factor, a court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262 (quoting *Adams*, 29 F.3d at 875). Willfulness involves intentional or self-serving behavior, and merely negligent or inadvertent conduct is not contumacious. See *id.* (citations omitted).

The Court concludes that the repeated failures of Plaintiffs' counsel in this case rise above the level of mere negligence or inadvertence. Instead, the failures demonstrate a complete indifference to scheduling orders, formal discovery requests, and other directives of this Court. Such action constitutes contumacious, bad-faith behavior.

### E. Effectiveness of Sanctions other than Dismissal

The Third Circuit has recognized that dismissal is a severe sanction, *Poulis*, 747, F.2d at 867-68 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)), and a district court must consider the availability of alternative sanctions. *Briscoe*, 538 F.3d at 262 (citing *Poulis*, 747 F.2d at 869). Dismissal is appropriate, however, where no effective alternative sanction exists. See *Briscoe* at 263; *Mindek*, 964 F.2d at 1374 (noting that a district court judge "may find it necessary to dismiss a litigant's complaint as a sanction for repeated failure to satisfy court orders").

In the instant case, the Court notes that it could sanction Plaintiffs' counsel by imposing those expenses, including attorney's fees, caused by his unjustified failure to comply with pretrial and discovery orders in this case. See *Briscoe* at 263. Yet, this Court concludes that such sanction would be ineffective for two reasons. First, imposing costs on Plaintiffs' counsel would not adequately compensate Seven Springs for the unwarranted year-long delay in this litigation. Second, the history of dilatoriness exhibited in this case leads the Court to believe that Plaintiffs' counsel would not comply with such an order if it were issued. Seven Springs, therefore, would likely be forced to further prolong this litigation and incur additional expenses seeking compliance with the order; such is not an appropriate remedy for the time lost and the expense incurred seeking to compel compliance with previous orders. In short, Seven Springs cannot be compensated for unnecessary delay and expense by an additional opportunity for delay and expense. Thus, the Court concludes in the instant case that dismissal is appropriate and that lesser sanctions would be ineffective.

### F. Meritoriousness of the Claim

In evaluating the meritoriousness of a claim, courts use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim and deem "[a] claim, or defense . . . meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Briscoe*, 538 F.3d at 263 (quoting *Poulis*, 747 F.2d at 869-70).

Seven Springs contends that the merits of Plaintiffs' claims are questionable at best because the Equal Employment Opportunity Commission ("EEOC") noted that it was unable to conclude "[b]ased upon its investigation . . . that the information obtained establishes violations of the statutes [by Seven Springs]." (Doc No. 46-2 at 9, 10). The Court is not persuaded by this argument because the EEOC additionally noted that such a finding "does not certify that [Seven Springs] is in compliance with the statutes." (*Id.*). More importantly, viewing the facts alleged in the complaint in the light most favorable to them, Plaintiffs have sufficiently pleaded their claims against Seven Springs. Whether or not Plaintiffs would have ultimately prevailed on their claims is not relevant to the Court's determination that the claims are meritorious for purpose of the *Poulis* analysis.

While the Court concludes that this factor militates against dismissing the action, such a finding is not dispositive and the Court may nevertheless dismiss the suit based on the other factors. See *Briscoe* at 263.

### G. *Poulis* Balancing Analysis

After consideration of the *Poulis* factors, the Court finds that Seven Springs has been significantly prejudiced by the history of dilatoriness and willful, bad-faith conduct exhibited by Plaintiffs' counsel in this matter. While there is no direct evidence indicating Plaintiffs were

10

personally responsible, their knowledge or acquiescence may be inferred from the prolonged and repeated nature of the misconduct. Furthermore, while the Court finds that Plaintiffs' claims are potentially meritorious, the Court nevertheless finds that dismissal is the only effective sanction available. Accordingly, the Court will dismiss the action.

## VI. CONCLUSION

For the above reasons, the Court will **GRANT** Seven Springs's motions (Doc. Nos. 45, 53) and dismiss the case. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE E. DIVELY *and* JOANNE HARTMAN,<br>　　　　Plaintiffs,<br><br>v.<br><br>SEVEN SPRINGS FARM, INC., *t/d/b/a* SEVEN SPRINGS MOUNTAIN RESORT,<br><br>　　　　Defendant. | CIVIL ACTION NO. 3:10-126<br>JUDGE KIM R. GIBSON |

## ORDER

**AND NOW,** this 23rd day of April 2012, in accordance with the Memorandum, **IT IS HEREBY ORDERED** that Defendant Seven Springs Farm, Inc.'s unopposed motions to dismiss (Doc. Nos. 45, 53) for failure to prosecute are **GRANTED**. Accordingly, this case is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mark this case **CLOSED**.

BY THE COURT:

*/s/ Kim R. Gibson*
**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**