**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JANE E. DIVELY *and* JOANNE      )
HARTMAN,                          )
            Plaintiffs,      )
                      )     CIVIL ACTION NO. 3:10-126
      v.                          )     JUDGE KIM R. GIBSON
                      )
SEVEN SPRINGS FARM, INC., *t/d/b/a*   )
SEVEN SPRINGS MOUNTAIN RESORT, )
                      )
            Defendant.      )

## MEMORANDUM AND ORDER

### I. SYNOPSIS

This matter comes before the court on Plaintiffs' "Motion to Vacate Order of Dismissal."

(Doc. No. 55). This Court previously granted Defendant's Motion to Dismiss for failure to

prosecute (Doc. No. 45), to which Plaintiffs filed no response. Upon current consideration of the

parties' submissions, and for the reasons that follow, the Court will **DENY** Plaintiffs' motion.


### II. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper

under 28 U.S.C. § 1391(b).


### III. BACKGROUND

In their motion, Plaintiffs seek to re-open this case, which was dismissed by this Court on

April 23, 2012 for failure to prosecute (Doc. No. 54). Four days after the Court's Memorandum

and Order were issued, Plaintiffs Jane E. Dively and Joanne Hartman (collectively, "Plaintiffs")

filed the instant motion (Doc. No. 55), to which Defendant Seven Springs Farm Inc. ("Seven

Springs") responded (Doc. No. 56).  Prior to filing this motion, however—and, in large part, the underlying basis upon which dismissal was granted—Plaintiffs had repeatedly failed to comply with Court-ordered deadlines and filings, exhibiting Plaintiffs' failure to prosecute the case, which resulted in substantial prejudice to the Defendant (See Doc. No. 54 at 1-4.).   This memorandum incorporates the factual and procedural findings of this case leading up to dismissal as established in this Court's prior Memorandum and Order (*Id.*).

## IV. LEGAL STANDARD

Prior to discussing the relevant legal standard that will be used to evaluate Plaintiffs' averments, a word should be said about the form of the instant motion.  Having reviewed Plaintiffs' submission in its entirety, this Court finds that the motion, generally entitled, "Motion to Vacate Order of Dismissal," is best construed as a motion under Rule 60(b) for relief from the final judgment and order entered in this case.  Specifically, Plaintiffs seek reinstatement of their claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C § 621 *et seq.*; the Equal Pay Act, 29 U.S.C. § 206(d); and  the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. § 951 *et seq.* (Doc. No. 1).

Where a final judgment or order has been entered in a case, Rule 60(b) of the Federal Rules of Civil Procedure provides a limited avenue of relief based on one or more of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect.
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or,

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). The time for asserting a Rule 60(b) motion is limited. Pursuant to subsection (c)(1), a motion "must be made within a reasonable time,--and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

The decision to grant or deny relief pursuant to Rule 60(b) lies in the "sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981). Under Third Circuit jurisprudence, relief under Rule 60(b) is available only in rare and extraordinary circumstances. The rule "does not confer upon the district courts a standardless residual of discretionary power to set aside judgments." *Moolenaar v. Government of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (internal quotations and citations omitted). Additionally, relief should be granted only in circumstances where the "overriding interest in the finality and repose of judgments may properly be overcome." *Harris v. Martin*, 834 F.2d 361, 364 (3d Cir. 1987) (quoting *Martinez-McBean v. Government of the Virgin Islands*, 562 F.2d 908, 913 (3d Cir. 1977)). "The remedy provided by Rule 60(b) is extraordinary, and [only] special circumstances may justify granting relief under it." *Moolenaar*, 822 F.2d at 1346. Mere "legal error does not by itself warrant application of Rule 60(b)," and, as such, Rule 60(b) may not be used as a substitute for appeal. *Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) (quoting *Martinez-McBean*, 562 F.2d at 912); see also, *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988), *U.S. v. Enigwe*, 320 F. Supp. 2d 301, 306 (E.D. Pa. 2004).

3

## V. DISCUSSION

Because Plaintiffs failed to formally invoke Rule 60(b), the Court must determine for itself which prong(s) of the rule most appropriately apply to this case. Upon review of the motion to vacate, the Court concludes that the only arguably relevant subsections are (1) and (6). In assessing Plaintiffs' motion and the arguments presented therein, and in light of the Court's prior findings of fact and law in dismissing the case, the Court will DENY Plaintiffs' instant motion.

### A. Mistake, Inadvertence, Surprise, Excusable Neglect

In order to obtain relief under Rule 60(b)(1), a movant must submit his motion no more than a year after the entry of the judgment or order being challenged. FED. R. CIV. P. 60(c)(1). In addition to this timeliness requirement, Plaintiffs must demonstrate the type of mistake, surprise, or excusable neglect as would justify relief under Rule 60(b). Courts generally construe averments of attorney deficiencies as insufficient to justify relief under Rule 60(b)(1). See, e.g., *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) ("Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel. For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims."). See also *DeFeo v. Allstate Ins. Co.*, No. 95-244, 1998 WL 328195 (E.D. Pa., June 19, 1998) (carelessness of a litigant or his attorney is not ground for relief under Rule 60(b)(1)).

4

In their motion, Plaintiffs make four averments as to why the order of dismissal should be vacated. First, Plaintiffs' counsel "is a sole practitioner and due to delays in completing the discovery, he was unable to provide the material required," and that there was an additional "problem with the calendaring system," that negatively impacted discovery. (Doc. No. 55 at 4). Second, Plaintiffs' counsel would represent to the Court that "Plaintiffs are not responsible for the delays ...." (*Id.*). Third, Plaintiffs' counsel is now "setting aside time to complete the discovery and remedy any perceived prejudice to the Defendants." (*Id.*). And finally, "[c]ounsel is confident that the discovery can move forward the case properly ...." (*Id.*).

While the motion here was timely filed, Plaintiffs have not sufficiently alleged any excusable neglect on the part of their counsel because the above contentions do not fall within the degree of neglect, which is considered excusable under Rule 60(b)(1). "The determination of whether a party's neglect is 'excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file." *George Harms Const. Co. v. Chao*, 371 F.3d 156, 163-64 (3d Cir. 2004) (quoting *Chemetron Corp. v. Jones,* 72 F.3d 341, 349 (3d Cir. 1995) (internal citations omitted). The Supreme Court pointed to several factors in this consideration: "the danger of prejudice ... , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship et al.,* 507 U.S. 380 at 395 (1993)).

Here, as established in the Court's prior memorandum, the history of dilatoriness as evidenced by the conduct of Plaintiffs' counsel was established on several occasions where filing dates were missed and Court deadlines were overlooked. (Doc. No. 54 at 8). Additionally, the Court found this conduct caused prejudice to Seven Springs because of the repeated, substantial

5

delays it brought in litigating the case. (*Id.* at 7). As outlined in Defendant's brief opposing the motion, the conduct of Plaintiffs' counsel expressly points to a reflection of gross negligence, rather than some form of excusable delay that was otherwise in line with any type of mistake, inadvertence, or surprise. Here, Plaintiffs' counsel took deliberate actions couched in the form of inaction by not complying with Court-set deadlines, filing requirements, and common litigation tasks essential to resolving the matter. The underlying inability to move litigation forward rests squarely on the shoulders of Plaintiffs' counsel, and is imputed to the Plaintiffs, who had made the conscious decision to retain their chosen counsel, and continued to retain him throughout his inexcusable neglect.[1]  For these reasons, this Court finds that Plaintiffs' contentions as to why the Court's prior order should be vacated do not meet the necessary requirements of finding some basis of relief under Rule 60(b)(1).

## B. Any Other Reason Justifying Relief

The only other possible avenue under which Plaintiffs may find relief is subsection (6) of Rule 60(b). In determining whether there is any basis for relief for Plaintiffs under this provision, the Court will again consider Plaintiffs' above averments, despite their motion to vacate not being specifically stated to be based upon Rule 60(b). "Although the text of Rule 60(b)(6) states that a court may grant relief from a final judgment for 'any other reason that justifies relief,' courts have added the requirement that a party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008); see also *Gagliardi v. Courter*, No. 02-2035, 2011 WL 710221, at *2 (W.D. Pa. Feb. 22, 2011). As explained by the Third

---

[1] Defendant correctly points out in its brief opposing the motion to vacate that the Court in *Crespo v. Nicholson* found that even though the conduct of counsel was the primary basis for dismissing the case for failure to litigate, responsibility to move forward the litigation also rests with the client as well. *Crespo v. Nicholson*, No. 2:05CV1656, 2006 WL 2924790, at *2 (W.D. Pa. Oct. 10, 2006).

6

Circuit, "[t]his requirement exists in order to balance the broad language of Rule 60(b)(6), which allows courts to set aside judgments for 'any' reason justifying relief, with the interest in the finality of judgments." *Budget Blinds, Inc.*, 536 F.3d at 255. In essence, for the dismissal to be vacated, there must be sufficiently extraordinary circumstances that outweigh the finality of the judgment. In determining whether extraordinary circumstances exist, this Circuit requires "a showing that without relief from the judgment, an 'extreme' and 'unexpected' hardship will result." *Id.* Additionally, it should be noted that "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Id.*

Here, Plaintiffs' arguments regarding the nature of counsel's practice, problems with meeting discovery deadlines, and issues with his calendaring system simply do not rise to the level of being the type of extraordinary circumstances required for relief under Rule 60(b)(6). See *Reform Party of Allegheny Cnty v. Allegheny Cnty Dep't of Elections*, 174 F.3d 305, 311 (3d Cir. 1999); *Coppola v. Travelers Indem. Co.*, 321 Fed. Appx. 170, 172-73 (3d Cir. 2009). The primary averments included in the motion to vacate merely echo the basic duties required of any litigator—seasoned or beginner. The conduct of Plaintiffs' counsel of persistently not meeting Court deadlines and being recalcitrant in the most basic of its filing requirements points to deliberate choices of inaction rather than action. As such, no 'extreme' or 'unexpected' hardship could result from such deliberate inaction. In fact, it would seem to be quite the opposite: purposefully choosing not to submit the necessary filings or engage in discovery requests for continued litigation would be expected to naturally and logically result in a dismissal of the case. For these reasons, the Court finds that no basis for relief exists under Rule 60(b)(6).

7

## VI. CONCULSION

For the above reasons, the Court will **DENY** Plaintiffs' Motion to Vacate Order of Dismissal (Doc. No. 55). The case remains dismissed with prejudice. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE E. DIVELY *and* JOANNE HARTMAN, | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO. 3:10-126 |
| v. | ) JUDGE KIM R. GIBSON |
| | ) |
| SEVEN SPRINGS FARM, INC., *t/d/b/a* SEVEN SPRINGS MOUNTAIN RESORT, | ) ) |
| | ) |
| Defendant. | ) |

## ORDER

**AND NOW,** this 15th day of November 2012, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED** that Plaintiffs Jane E. Dively and Joanne Hartman's motion to vacate order of dismissal (Doc. No. 55) is **DENIED.**

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

9